'Fbebman, J.,
delivered the opinion of the court:
This was a suit brought by Scott in the name of the state, on an apprentice bond. Several questions have been argued before us, but we need only notice one, which is conclusive of the case.
After the suit had been pending some time, the parties compromised the case, and Scott signed a writing directing the suit to he dismissed. His lawyers, however, interposed, and the court declined to dismiss. The case progressed, when another paper was signed and sent to the clerk, peremptorily directing his suit to he dismissed.
The attorneys again seem to1 have interposed, and the court refused to dismiss the suit. In this he clearly erred. A party certainly has the right to dismiss a suit of this character, to compromise and arrange his own, rights, and no agent or attorney of his, he being sui juris, can control his action in such a matter. It is good public policy that parties shali settle their differences without, the expense and vexation of litigation, if it can be done, and such settlements should be encouraged rather than discouraged by the courts.
*253 Tlie attorneys and court, we suppose, went on the idea of a lien on tlie paid of tlie attorneys for tlieir fees, in case of recovery. JBut tlie lien, in a case like this-, could only exist on tlie recovery, not before. Tlie parties lived in- tlie. state ---no fund liad been impounded by tlie attorneys, and Held under tlie orders of tlie count — in fact, nothing to give the attorneys the right claimed. The plaintiff was examined on the trial, and shows the agreement was fairly entered into, and seemed perfectly satisfied with it. Even if it had not, been fairly entered into, so far as he was concerned, he alone had tlie right to disaffirm his own act. ITis attorneys could not interpose to do it for him.
Without further discussion, let the case be reversed, and this court will enter the judgment which the court below should have entered, dismissing the ease. The defendants below, however, will pay the costs of that court-up to the- time of the trial, as that was the agreement. Costs of this court follow the judgment of reversal.